(No. 13362.—Cause transferred.)

FRANK BEVIER *et al.* Plaintiffs in Error, *vs.* M. L. HAY, Trustee, Defendant in Error.

*Opinion filed June 16, 1920.*

APPEALS AND ERRORS—*when a freehold is not involved in bill against trustee.* Where lands devised by will have been sold under a decree of partition and the shares of two of the devisees, after being invested in notes and mortgages, are turned over to a trustee as provided in the will, a bill against the trustee to compel him to transfer the notes and mortgages to the devisees and for a termination of the trust does not involve a freehold, and an appeal from a decree dismissing the bill for want of equity should be taken to the Appellate Court.

WRIT OF ERROR to the Circuit Court of Stark county; the Hon. C. V. MILES, Judge, presiding.

T. W. HOOPES, and F. B. BRIAN, for plaintiffs in error.

JOHN W. FLING, JR., for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Mordecai Bevier died on May 9, 1912, leaving a will by which he devised the residue of his estate to his seven children. The will stated that two of his sons, Frank and David, were addicted to the use of intoxicating liquors and for that reason their shares were devised in trust, the income to be paid to them for life, but if they should permanently quit the use of intoxicating liquors then their full portion of the estate was to be transferred to them. The trustee received from the executor a certain sum of money to be held in trust for the two sons, and afterward the real estate devised by the will was sold under a decree of partition and the shares of Frank and David were paid to the trustee. The money so received has been invested in notes and mortgages, which the trustee now holds. Frank Bevier and David Bevier filed a bill in the circuit court of Stark county against the trustee praying that they be decreed to be the absolute owners of the notes and mortgages held by the trustee; that the trustee be decreed to assign and transfer to them such notes and mortgages; that they be decreed reasonable attorney's fees and costs; that the trust created by the will be terminated, and for general relief. An answer was filed, the cause was heard on bill and answer, and a decree was rendered dismissing the bill for want of equity, from which the complainants have appealed.

The appeal should have been taken to the Appellate Court. None of the grounds exist which give this court jurisdiction of a direct appeal.

The cause will be transferred to the Appellate Court for the Second District.                *Cause transferred.*