(No. 22117.—

THE PEOPLES BANK OF BLOOMINGTON, Trustee, Appellant,
*vs.* HELEN L. TROGDON *et al.* Appellees.

*Opinion filed February 23, 1934.*

LEDERER, LIVINGSTON, KAHN & ADLER, (SIGMUND LIVINGSTON, of counsel,) for appellant.

EDWARD BARRY, JR., guardian *ad litem,* for appellees.

J. B. MURPHY, guardian *ad litem* for Edwin Hites.

Mr. JUSTICE FARTHING delivered the opinion of the court:

This case is here on appeal from a decree of the circuit court of McLean county construing the will of Fred Wolkau, Jr., deceased, and giving certain directions to the appellant, the trustee therein named.

The testator died on October 29, 1926, and his will was filed for probate and admitted to record in McLean county. The appellant, the Peoples Bank of Bloomington, was named as trustee in the will. All property of which the testator died seized and possessed was devised and be-

queathed to it in trust for various purposes by the first and second paragraphs of item 2 of the will. On June 7, 1926, the testator made a ninety-nine-year lease to the *Daily Pantagraph* demising certain real estate to it, with an option to the lessee to purchase the premises for $60,000. The rental reserved was $3000 per year. Rent was paid during the testator's life and afterwards to the trustee. Later the lessee served notice on the trustee that there were certain defects in the record title to the real estate demised, viz., a certain party-wall easement, and that it disclaimed under the lease and refused to pay any further rental. Upon a petition being filed in the circuit court for directions, the court directed the trustee not to proceed by legal action to contest the right claimed by the lessee to cancel the lease, for the reasons that the outcome would be doubtful and the litigation would be expensive. Thereafter the trustee found a purchaser and entered into an agreement to sell the real estate in question for $55,000, cash. This sale was approved by the circuit court and was consummated. The trustee retained the money realized in a separate fund and invested it in bonds of the State of Illinois.

Paragraph 4 of item 2 of the will provided that the income from the lease referred to above be devised and bequeathed to the appellant in trust, to pay the taxes on the income, to pay $25 per year to each of two charities, to maintain and educate Edwin Hites until he was twenty-one years old, and to pay the entire net income to him thereafter until he was thirty-five years old. If the *Daily Pantagraph* bought under its option, Hites was to receive like benefits out of the income from the money realized by the sale of the land. At the age of thirty-five years he was to receive the corpus of the trust. If he died before attaining that age, leaving no children him surviving, the income and corpus of the trust were to be considered a part of the trust created covering the residue of the testator's estate.

Item 5 of the will created a trust covering the residue of the testator's estate excepting the lease above mentioned. The trustee named was directed thereby to pay one-half the income from the trust, after certain deductions for expenses, to Helen Trogden during her life and to her surviving children upon her death, excepting Edwin Hites, twenty-one years after her death, at which time one-half of the corpus was to be paid to her surviving children and one-half to Hites, who was to receive, in the meantime, the remaining half of the income under the same provisions as contained in the fourth paragraph of item 2 of the will with reference to the trust there created. Under paragraphs 1 and 2 of item 2 of the will the testator devised and bequeathed all of his property to the same trustee, the appellant, with full authority to sell and convey any or all of the property and to re-invest the proceeds, etc.

The appellant contends that in spite of the fact that the *Daily Pantagraph* canceled its lease for the reasons indicated, the trust created by the fourth paragraph of item 2 of the will continued in force, contrary to the holding of the chancellor that upon such cancellation the demised premises became a part of the corpus of the trust created by the fifth paragraph of item 2 of the will.

No assignment of error raises any question involving a freehold, and no want of power to sell and convey is alleged on the part of the trustee. The question is only whether Edwin Hites gets the proceeds under the provisions contained in the fourth paragraph of item 2, or whether the beneficiaries named in the fifth paragraph of that part of the will will receive the proceeds of sale and the income therefrom. In this situation, under the authority of *Bevier* v. *Hay,* 293 Ill. 571, no question is involved which gives this court jurisdiction.

The appeal should have been to the Appellate Court for the Third District, to which this cause is ordered transferred.

*Cause transferred.*